IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD ALLEN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 05-2755 |
| CITY OF PHILADELPHIA | : | |

**ORDER-MEMORANDUM**

AND NOW, this 8th day of March, 2006, "Defendant's Motion to Dismiss the Complaint" is granted. Fed. R. Civ. P. 12(b)(6).[1]

On June 9, 2005, plaintiff Reginald Allen, a member of the bar, filed a pro se complaint alleging violations of Title VII, 42 U.S.C. § 2000(e) and the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 et seq., the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. Plaintiff, an African-American male, born in 1960, has been diagnosed with osteoarthritis in both hips. Complaint, ¶¶ 9-12. Beginning in June 1999, plaintiff was employed by defendant City of Philadelphia in the Law Department. Complaint, ¶ 7. In July 2000 and December 2002, plaintiff underwent hip replacement surgery. Complaint, ¶¶ 13, 14. The complaint alleges that from 2001 through 2003, plaintiff was unjustifiably criticized by superiors, and that accommodations were not made for his disability. Complaint, ¶¶ 17, 21-24. On September 5, 2003, plaintiff's employment with the City was

---

[1] Under Fed. R. Civ. P. 12(b)(6), we must "accept the allegations of the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff[ ]. . . . Dismissal is appropriate 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Ranke v. Sanofi-Synthelabo, Inc., – F.3d –, 2006 WL 197145, at *3 (3d Cir., filed Jan. 27, 2006).

On November 23, 2005, plaintiff was granted an extension of time in which to respond to defendant's motion. On December 22, 2005, he requested a second extension. Though that motion was not formally granted, plaintiff has now had nearly five months in which to respond to defendant's motion. The second motion for an extension of time is denied as moot.

terminated. Complaint, ¶ 25. On June 7, 2004, plaintiff filed a Charge of Discrimination with the EEOC that was cross-filed with the PHRC. Exhibit "C" to defendant's motion. On March 11, 2005, the EEOC forwarded a right-to-sue letter to plaintiff. Exhibit "D" to defendant's motion.

Defendant argues for dismissal on the ground that plaintiff's administrative claim was not filed timely. A charge under Title VII must be filed within 300 days of the alleged unlawful employment practice. Seredinski v. Clifton Precision Products Co., 776 F.2d 56, 61 (3d Cir. 1985); 42 U.S.C. § 2000e-5(e). A charge under the PHRA must be filed within 180 days of the alleged discriminatory act. Cella v. Villanova University, 2003 WL 329147, at *8 (E.D. Pa., Feb. 12, 2003), aff'd, 113 Fed.App. 454, 2004 WL 2361392 (3d Cir. 2004), citing Snyder v. Pennsylvania Assoc. of School Retirees, 566 A.2d 1235, 1242 n.7 (Pa. Super. 1989). Failure to adhere to these deadlines precludes judicial remedies. Woodson v. Scott Paper Co., 109 F.3d 913, 925 (3d Cir. 1996), cert. denied, 522 U.S. 914 (1997). The limitations periods begin to run when the employee receives notice of an adverse employment action, and not when the consequences of the adverse action occur. Delaware State College v. Ricks, 449 U.S. 250, 258 (1980) ("[t]he proper focus is upon the time of the *discriminatory acts*, not upon the time at which the *consequences* of the acts become most painful.") (citations omitted) (emphasis in original); Watson v. Eastman Kodak Co., 235 F.3d 851, 855-56 (3d Cir. 2000)

Here, plaintiff received notice on August 5, 2003 that his employment would be terminated on September 5, 2003. Exhibit "B" to defendant's motion. He was required to file his EEOC charge no later than May 31, 2004; he did not file until June 7, 2004, seven days beyond the lmitations deadline. Exhibit "C" to defendant's motion. He was required to file his PHRA claim no later than February 1, 2004; he did not do so until June 7, 2004, 127 days after the permissible filing date. Id.

Plaintiff's position is that the filing deadlines should be measured from the date of his termination - but this proposition, as noted, is incorrect. That his claim should be deemed received as of February 23, 2004, the date when he first went to the EEOC office and completed a "Charge Questionnaire," is not supported by statute or caselaw. Plaintiff's administrative claims were not filed within the applicable limitations periods, and, accordingly, this action must be dismissed.

BY THE COURT:

 *s/ Edmund V. Ludwig*
Edmund V. Ludwig, J.